UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

United States of America

v.

ANTHONY SMALLS,
   a/k/a "Boogie,"
SHORIA MOORE,
   a/k/a "Brim," a/k/a "Driver,"
RUSSELL WATSON,
   a/k/a "Kanye," a/k/a "Slum," and
CODIE LEWIS,
   a/k/a "Biggz," a/k/a "Beige,"

                        *Defendants.*

---

Protective Order

23 Cr. 237 (JLR)

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

### Categories

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material." The Government's Disclosure Material may include material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; (iv) may be produced with more limited redactions than would otherwise be necessary; and (v) that is not authorized to be

disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sealed Material.** Certain of the Government's Disclosure Material, referred to herein as "Sealed Material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein.

3. **Attorney's Possession Only ("APO") Material.** Certain materials in this case raise a particular risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations. Disclosure Material produced by the Government to the defendant or his counsel that is either (1) designated in whole or in part as "Attorney's Possession Only" by the Government in emails or communications to defense counsel, or (2) that includes a Bates or other label stating "Attorney's Possession Only" or "APO" shall be deemed "APO Material." Any material designated as APO Material shall also be deemed Sealed Material.

NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

**Disclosure and Treatment**

1. Disclosure Material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Disclosure Material on any Internet site or network site, including any social media site such as Facebook or Twitter, to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media.

2. Sealed Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court, and may be disclosed by defense counsel to:

    a. The defendant;

    b. Personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; and

    c. Prospective witnesses for purposes of defending this action.

3. APO Material received by defense counsel shall be maintained in a safe and secure manner by defense counsel and any personnel for whose conduct defense counsel is responsible; shall not be possessed by the defendant, except in the presence of the defendant's counsel and any personnel for whose conduct defense counsel is responsible; and shall not be disclosed in any form by the defendant, his counsel, or any personnel for whose conduct defense counsel is responsible except as set forth herein.

### Other Provisions

4. This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1 and the above provisions referencing sealing of certain Disclosure Material.

5. The Government's designation of material will be controlling absent contrary order of the Court. However, the Government may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

6. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Disclosure Material. All such persons shall

be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

7. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material, including any ESI, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; and the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct. If Disclosure Material is provided to any personnel for whose conduct defense counsel is responsible or prospective witnesses, defense counsel shall make reasonable efforts to seek the return or destruction of such materials.

8. This Order places no restriction on a defendant's use or disclosure of ESI or other Disclosure Material that originally belonged to the defendant.

9. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government is reviewing, pursuant to warrants issued during the course of the investigation, from various computers, cell phones, and other devices and storage media. This ESI was obtained from all defendants. Upon consent of all counsel, the Government is authorized to disclose to defense counsel the entirety of such ESI, which shall be deemed APO Material unless otherwise designated.

**Retention of Jurisdiction**

10. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____     Date: June 22, 2023
Andrew Jones / Matthew Shahabian
Assistant United States Attorneys


_____     Date: _____
Clay Kaminsky
Counsel for Anthony Smalls


_____     Date: _____
David Greenfield
Counsel for Shoria Moore


_____     Date: _____
Stephen Turano
Counsel for Russell Watson


_____     Date: _____
Lisa Scolari
Counsel for Codie Lewis


SO ORDERED:

Dated: New York, New York
       July ___, 2023

_____
THE HONORABLE JENNIFER L. ROCHON
UNITED STATES DISTRICT JUDGE

## Retention of Jurisdiction

10. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____     Date:   June 22, 2023
Andrew Jones / Matthew Shahabian
Assistant United States Attorneys

_____     Date:   6/26/2023
Clay Kaminsky
Counsel for Anthony Smalls

_____     Date: _____
David Greenfield
Counsel for Shoria Moore

_____     Date: _____
Stephen Turano
Counsel for Russell Watson

_____     Date: _____
Lisa Scolari
Counsel for Codie Lewis

SO ORDERED:

Dated: New York, New York
       June ____, 2023

_____
THE HONORABLE JENNIFER L. ROCHON
UNITED STATES DISTRICT JUDGE

5

## Retention of Jurisdiction

10. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____          Date:   June 22, 2023
Andrew Jones / Matthew Shahabian
Assistant United States Attorneys


_____          Date: _____
Clay Kaminsky
Counsel for Anthony Smalls

_____          Date:   6/26/23
David Greenfield
Counsel for Shoria Moore

_____          Date: _____
Stephen Turano
Counsel for Russell Watson

_____          Date: _____
Lisa Scolari
Counsel for Codie Lewis

SO ORDERED:

Dated: New York, New York
       June ___, 2023

                                    _____
                                    THE HONORABLE JENNIFER L. ROCHON
                                    UNITED STATES DISTRICT JUDGE

5

## Retention of Jurisdiction

10. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _/s/ AWJ_____     Date:  June 22, 2023
Andrew Jones / Matthew Shahabian
Assistant United States Attorneys


_____     Date:  _____
Clay Kaminsky
Counsel for Anthony Smalls


_____     Date:  _____
David Greenfield
Counsel for Shoria Moore


_/s/ Stephen Turano_____     Date:  6/30/23
Stephen Turano
Counsel for Russell Watson


_____     Date:  _____
Lisa Scolari
Counsel for Codie Lewis


SO ORDERED:

Dated: New York, New York
       June ___, 2023


                                     _____
                                     THE HONORABLE JENNIFER L. ROCHON
                                     UNITED STATES DISTRICT JUDGE

**Retention of Jurisdiction**

10. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____/s/ AWJ_____        Date:  June 22, 2023
Andrew Jones / Matthew Shahabian
Assistant United States Attorneys


_____        Date:  _____
Clay Kaminsky
Counsel for Anthony Smalls


_____        Date:  _____
David Greenfield
Counsel for Shoria Moore


_____        Date:  _____
Stephen Turano
Counsel for Russell Watson


_/s/Lisa Scolari_____        Date:  6/25/23
Lisa Scolari
Counsel for Codie Lewis


SO ORDERED:

Dated: New York, New York
~~June ___, 2023~~
July 5, 2023

_____/s/ Jennifer Rochon_____
THE HONORABLE JENNIFER L. ROCHON
UNITED STATES DISTRICT JUDGE

5